Scileppi, J. (dissenting).
Once again, the majority of this court has extended the unsound rule of People v. English (16 N Y 2d 719) and its progeny. In the case at bar, the defendants were indicted for rape in the first degree (former Penal Law, § 2010); assault in the second degree with intent to commit rape (§ 242, subd. 5), and assault in the third degree (§ 244, subd. 1). At the close of the People’s case, the court dismissed the rape and assault in the second degree counts. The jury found the defendants guilty of simple assault.
The majority is of the opinion that the defendants’ convictions must be reversed because of the lack of corroboration of the alleged consummated rape. An examination of the facts, however, demonstrates that the simple assault was perpetrated by these defendants well before the commission of the alleged assault with intent to commit rape and the alleged rape. Proof of the simple assault is not dependent upon the allegation or proof of rape. Consequently, corroboration need not and should not be required to sustain the convictions for the independent assault (see People v. Lennon, 22 N Y 2d 677).
The victim testified that when she left school she saw the defendants at its entrance. After walking for some distance, she noticed that the defendants were following her. As she continued to walk, the defendants got closer to her and began to bother her. When she told them to leave her alone, each of the defendants took one of her arms and held her for about five minutes as they continued walking across a field. After they had crossed the field, the defendants let go of the victim and she started running away from them. The defendants caught up with her and took her through a parking lot to the back of an apartment building. She was again taken by the arm, brought into the apartment building, up eight flights of stairs where she was allegedly assaulted and raped.
There can be no doubt that, when the defendants let go of the victim and she started to run away, a simple assault had already been committed. To require corroboration because of *787 what subsequently occurred is an unwarranted and unwise extension of People v. English (supra) and the illogical cases which have followed it.
For this reason and the reasons stated in my dissent in People v. Radunovic (21 N Y 2d 186, 193-194), I would affirm these judgments of conviction.
Judgments reversed, etc.